IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 7:25-cv-09537

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

V.T. MEAT & GROCERY INC. d/b/a FOOD FAIR WHOLESALE FRESH MARKET and STARPRINT PUBLICATIONS, INC.,

    Defendants.

_____

## COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendants V.T. Meat & Grocery Inc. d/b/a Food Fair Wholesale Fresh Market ("Food Fair") and Starprint Publications, Inc. ("Starprint") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2. Food Fair is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 175 E Central Ave, Spring Valley, NY 10977. Food Fair acts as its own agent for service of process at 175 E Central Ave, Spring Valley, NY 10977.

3. Starprint is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 722 Dulancey Drive Portage, PA 15946.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

**FACTS**

**I.  Plaintiff's Business and History**

7. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

8. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

**II.     The Work at Issue in this Lawsuit**

9. One or more professional photographers employed by Plaintiff's above-named customer created multiple photographs of food items (collectively referred to herein as the "Work") which were allegedly infringed by Defendants as set forth herein. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

10. Each photograph comprising the Work was registered by the above-named customer with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of each Certificate of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

11. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

12. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**III.    Defendants' Unlawful Activities**

13. Food Fair owns and operates a full-service supermarket.

14. Food Fair advertises/markets its business through its website (https://foodfairspringvalley.com/), social media (e.g., https://www.facebook.com/elsupermercadodelpueblo and https://www.instagram.com/foodfairspringvalley/), and other forms of advertising.

15. Starprint owns and operates a media company offering printing and publishing services to market its customers' businesses, including but not limited to the design and printing of weekly circulars for grocery stores such as Starprint.

16. At all times relevant hereto, Defendants maintained a contractual relationship whereby, upon information and belief, Starprint created various flyers and/or advertisements that were then published by Defendants in connection with the marketing of Food Fair's business.

17. On multiple dates after the above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on Food Fair's website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing Food Fair's business.

18. True and correct copies of screenshots of Food Fair's website, webpage, social media, and/or printed media, displaying the copyrighted Work, are included in Exhibit "A" hereto.

19. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff or its above-named customer to seek permission to use the Work in connection with Food Fair's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

20. Defendants utilized the Work for commercial use.

21. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer first discovered Defendants' unauthorized use/display of one or more of the photographs comprising the Work in March 2025. Following such discovery, Plaintiff and/or its above-named customer notified Food Fair in writing of such unauthorized use.

23. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

28. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Food Fair's website, webpage, social media, and/or printed media.

29. Defendants reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

30. By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendants' infringement was either direct, vicarious, and/or contributory.

31. Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Defendants' willfulness is further demonstrated by the fact that Defendants have refused and/or failed to remove the Work from Food Fair's website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendants (via USPS and e-mail) notifying them of the infringement and demanding that the Work be removed from Food Fair's website, webpage, social media, and/or printed media. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that

he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Food Fair's website, webpage, social media, and/or printed media.

33. Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

34. Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

35. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

37. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

   d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

   e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

   f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

   g.  For such other relief as the Court deems just and proper.

## **COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
**(All Defendants)**

38.    Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

39.    Plaintiff is the exclusive licensor and distributor of Prepared Food Photos' image library, consisting of approximately 18,000 photographs that are offered to license to grocery stores, ad companies, and related food industry businesses.

40.    Plaintiff has and continues to maintain ongoing licensing/subscription relationships with numerous businesses, including competitors of Defendants, with respect to Prepared Food Photos' image library.

41.    Defendants were, on multiple occasions, notified of their wrongful usage of the photographs at issue herein and at all material times knew of Plaintiff's valuable relationship with its licensees/subscribers.

42.    Despite their foregoing knowledge, Defendants intentionally interfered with Plaintiff's licensing of the subject image library by continually and repeatedly creating weekly advertisements using the subject image library without making any payment to Plaintiff and

drastically undercutting Plaintiff and/or its commonly-owned companies' ability to compete in the marketplace.

43. Defendants' repeated conduct extends beyond fair competition and has been tortious, in bad faith, dishonest, improper, and designed to harm Plaintiff.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Awarding Plaintiff actual, compensatory, and consequential damages as the Court deems just and proper;

b. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts; and

c. For such other relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE
### (All Defendants)

45. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

46. Defendants – especially after receiving multiple notices of their unauthorized use of the subject photographs – had a duty to exercise reasonable care to ensure that the photographs they continued to select and use for their weekly ads and/or other marketing material had the proper licenses, permissions, and authorizations from their respective owners/distributors, including Plaintiff.

47. Defendants breached their duty to Plaintiff when they, despite repeated notice that their activities were unauthorized, continued to publish weekly ads and/or other marketing material that included the Work and by failing to take any actions to confirm Defendants' rights to use such photographs.

48. As a direct and proximate result of Defendants' actions and/or failures to act, Plaintiff was damaged and deprived of the right to control, sell, market, and/or distribute the Work

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Awarding Plaintiff actual, compensatory, and consequential damages as the Court deems just and proper;

b. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts; and

c. For such other relief as the Court deems just and proper.

Dated: November 14, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.