# THE INGBER LAW FIRM

70 SOUTH ORANGE AVE., SUITE 105
LIVINGSTON, NEW JERSEY 07039
TEL: (973) 921-0080

MARK J. INGBER*
*MEMBER NJ & NY BAR

EMAIL: INGBER.LAWFIRM@GMAIL.COM


June 30, 2026

**VIA ECF**
Hon. Judge Jessica G. L. Clarke
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**MEMO ENDORSED**

**Re:** ***Rockefeller Photos, LLC v. V.T. Meat & Grocery Inc. d/b/a Food Fair Wholesale Fresh Market and Starprint Publications, Inc. Case No. 7:25-cv-09537-JGLC***

Dear Judge Clarke:

I represent Defendant Starprint Publications, Inc. ("Starprint") in the above-captioned matter. Pursuant to the Court's Individual Rules and Practices in Civil Cases, Starprint respectfully requests that the Court stay discovery and adjourn the deadline to submit the Joint Rule 16 Letter and Proposed Civil Case Management Plan and Scheduling Order, currently due July 16, 2026, until fourteen (14) days after the Court rules on Defendants' pending Motions to Dismiss. Starprint is not seeking an adjournment of the Initial Pretrial Conference currently scheduled for July 23, 2026. [ECF No. 13].

**Good cause exists for the requested relief.** A court may, on a showing of "good cause," stay discovery during the pendency of a motion to dismiss. Rep. of Turk. v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). The filing of a motion to dismiss does not itself constitute "good cause," and courts have considerable discretion in determining whether a stay is warranted. Kaplan v. Lebanese Canadian Bank, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022). In exercising this discretion, courts generally consider the following factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Ema Fin., LLC v. Vystar Corp., 336 F.R.D. 75, 79 (S.D.N.Y. 2020).

With respect to the "strength of the motion" prong of this analysis, the party seeking a stay must present "substantial arguments for dismissal," or must show that "the plaintiff's claim is unmeritorious." Ema Fin., 336 F.R.D. at 79. As to this factor, courts also consider whether the "resolution of the pending motion to dismiss may dispose of the entire action." Robert D. Press v. Primavera, No. 1:21-cv-10971 (JLR), 2022 U.S. Dist. LEXIS 226954, at *4 (S.D.N.Y. 2022).

**The procedural posture strongly favors a limited stay.** Plaintiff commenced this action on November 14, 2025. [ECF No. 1]. Starprint moved to dismiss the original Complaint on January 8, 2026. [ECF Nos. 21–22]. Co-defendant V.T. Meat & Grocery Inc. d/b/a Food Fair Wholesale Fresh Market ("Food Fair") moved to dismiss the original Complaint on January 9, 2026. [ECF No. 23]. Plaintiff thereafter filed the First Amended Complaint on January 23, 2026. [ECF No.

28]. Starprint renewed its dismissal motion on February 12, 2026, relying on its previously filed motion; Plaintiff opposed; and Starprint replied. [ECF Nos. 29, 30, 33]. Food Fair likewise renewed its dismissal motion, which Plaintiff opposed. [ECF Nos. 32, 34]. The Court directed that any reply be filed by April 9, 2026, after which the Court would consider Food Fair's motion fully briefed. [ECF No. 35]. Both dismissal motions remain pending.

Defendants' motions challenge threshold legal defects that should be resolved before the parties undertake discovery, including statutory standing, copyright ownership and chain of title, Rule 19 joinder, and whether Plaintiff has plausibly alleged actionable conduct by Starprint. Those issues concern whether Plaintiff possesses enforceable rights and whether this action may proceed at all; they are not factual deficiencies that discovery can cure. If the motions are granted, the action may be dismissed or substantially narrowed, thereby eliminating or materially reducing the need for discovery.

Because Defendants' success on the pending motions to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay. Robert D. Press v. Primavera, 2022 U.S. Dist. LEXIS 226954, at *4 (S.D.N.Y. 2022). Defendants have also presented substantial arguments for dismissal on the central issues in the case. Press, 2022 U.S. Dist. LEXIS 226954, at *4–5. Accordingly, this factor weighs in favor of granting the stay.

**Discovery is likely to be broad and burdensome.** It would require the parties to investigate Plaintiff's alleged ownership interests, chain of title, licensing history, numerous copyrighted photographs, Food Fair circulars, and the conduct allegedly attributable to Starprint. Requiring the parties to incur those burdens before the Court determines which claims, if any, survive would risk unnecessary expense, duplicative effort, and disputes over the scope of discovery. In granting a stay, courts generally consider "the breadth of discovery sought and the burden of responding to it." Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433 (S.D.N.Y. 2002). District courts have "broad discretion to direct and manage the pre-trial discovery process," and Federal Rule of Civil Procedure 26(c)(1) allows district courts to issue protective orders "to protect a party or person from undue burden or expense." Levy v. BASF Metals Ltd., 755 F. App'x 29 (2d Cir. 2019).

Discovery is in its early stages, but there will be significant document discovery and several depositions. *Press*, 2022 U.S. Dist. LEXIS 226954, at *5. This broad discovery weighs in favor of granting a stay. A temporary stay also advances Rule 1's mandate of securing the just, speedy, and inexpensive determination of every action. “Therefore, at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources.” Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

Plaintiff will not be prejudiced by the requested stay. While this case has been pending for several months, further delay will not significantly prejudice Plaintiff. Press, 2022 U.S. Dist. LEXIS 226954, at *6. Most of the relevant discovery is possessed by entities who will not lose or destroy it. Because the stay would last only until the Court resolves the pending motions, it would neither unnecessarily delay the action nor materially prejudice Plaintiff. Spencer Trask, 206 F.R.D. at 368. On balance, and particularly in light of the fact that Defendants' motions to dismiss would potentially dispose of the entire case, which would otherwise proceed immediately through significant discovery, the factors weigh in favor of granting the stay. Press, 2022 U.S. Dist. LEXIS 226954, at *6.

**Starprint has not delayed in seeking this relief.** Court mediation proceeded on May 21, 2026, but was unsuccessful. [ECF Nos. 36–37]. Until court mediation concluded, the parties appropriately focused their efforts on the Court-ordered settlement process rather than litigating discovery scheduling issues. With mediation now completed, the parties face the July 16, 2026 case-management submission deadline and the prospect of commencing discovery while the potentially dispositive motions remain undecided. Starprint therefore brings this request promptly, before the parties incur the burden and expense of formulating and undertaking discovery that may be rendered unnecessary or substantially narrowed by the Court's rulings.

The requested relief is narrowly tailored, temporary, and tied to a readily identifiable event—the Court's disposition of the pending motions to dismiss. Starprint requests only that discovery be stayed and the July 16, 2026 deadline to submit the Joint Rule 16 Letter and Proposed Civil Case Management Plan and Scheduling Order be adjourned until fourteen (14) days after the Court rules on Defendants' pending Motions to Dismiss. The July 23, 2026 Initial Pretrial Conference would remain as scheduled.

Counsel conferred by email with Plaintiff's counsel and counsel for Food Fair regarding this request. Plaintiff does not consent and maintains that the matter should proceed under the existing schedule notwithstanding the pending motions. Counsel for Food Fair consents to the requested relief.

This is Starprint's first request for an adjournment of the July 16, 2026 submission deadline and its first request for a stay of discovery in this action.

Accordingly, Starprint respectfully requests that the Court enter an Order:

1. Adjourning the deadline to submit the Joint Rule 16 Letter and Proposed Civil Case Management Plan and Scheduling Order, currently due July 16, 2026, until fourteen (14) days after the Court rules on Defendants' pending Motions to Dismiss; and

2. Staying discovery until fourteen (14) days after the Court rules on Defendants' pending Motions to Dismiss.

Thank you for the Court's consideration.

Respectfully submitted,

**THE INGBER LAW FIRM**
/s/ Mark J. Ingber
Mark J. Ingber, Esq.

Attorney for Defendant Starprint Publications, Inc.

The Court's Individual Rules and Practices in Civil Cases require discovery disputes to be submitted in the form of a "single letter-motion, jointly composed." Rule 4(k). Although Plaintiff appears to object to Defendant Starprint's request, no reasons have been provided for its objection, and Plaintiff has not separately filed an objection. Accordingly, the parties are directed to file a joint letter complying with the Court's Individual Rules by July 13, 2026. The Clerk of Court is directed to terminate ECF No. 38.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: July 8, 2026
White Plains, New York