THE INGBER LAW FIRM
51 JFK PARKWAY, 1st FLOOR WEST
SHORT HILLS, NEW JERSEY 07078
TEL: (973) 921-0080

MARK J. INGBER*

*MEMBER NJ & NY BAR EMAIL: INGBER.LAWFIRM@GMAIL.COM

July 11, 2026

**VIA ECF**

MEMO ENDORSED

Hon. Judge Jessica G. L. Clarke
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: **Rockefeller Photos, LLC v. V.T. Meat & Grocery Inc., d/b/a Food Fair Wholesale Fresh Market and Starprint Publications, Inc. Case No. 7:25-cv-09537-JGLC**

Dear Judge Clarke:

Pursuant to Individual Rule 4(k), the parties conferred by email beginning on June 29, 2026 regarding defendant Starprint Publications, Inc.'s requested stay of discovery and adjournment of the July 16, 2026 deadline to submit the Proposed Civil Case Management Plan (the "CMP"). Starprint's initial and final proposed compromise was to stay discovery and adjourn the case-management submission deadline until fourteen (14) days after the Court rules on the pending motions to dismiss, without adjourning the July 23, 2026 Initial Pretrial Conference (the "IPC"). Plaintiff Rockefeller Photos, LLC ("Plaintiff") opposes that relief and maintains that the case should proceed under the existing schedule. Defendant V.T. Meat & Grocery Inc. ("Food Fair") consents to Starprint's requested relief.

**DEFENDANT STARPRINT PUBLICATIONS, INC.'S POSITION:**

**Good Cause Exists for the Requested Relief.**

Courts may stay discovery for good cause during the pendency of a motion to dismiss. *Rep. of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). In deciding whether to stay discovery, courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020); see also *Kaplan v. Lebanese Canadian Bank*, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022). The strength factor includes whether the motion presents substantial arguments for dismissal and whether the motion may dispose of the action. *Ema Fin.*, 336 F.R.D. at 79; *Robert D. Press v. Primavera*, No. 1:21-cv-10971 (JLR), 2022 U.S. Dist. LEXIS 226954, at *4 (S.D.N.Y. 2022).

Here, the pending motions challenge threshold legal defects that should be resolved before discovery, including statutory standing, copyright ownership and chain of title, Rule 19 joinder, and whether Plaintiff has plausibly alleged actionable conduct by Starprint. Those issues concern whether Plaintiff possesses enforceable rights and whether this action may proceed at all.

Plaintiff commenced this action on November 14, 2025; Starprint and Food Fair moved to dismiss the original Complaint in January 2026; Plaintiff filed the First Amended Complaint on January 23, 2026; and both Defendants renewed their dismissal motions, which remain pending. If granted, those motions may dismiss or substantially narrow the action, eliminating or materially reducing the need for discovery. See *Press*, 2022 U.S. Dist. LEXIS 226954, at *4–5.

**Discovery would also be broad and burdensome.**

It would require inquiry into Plaintiff's alleged ownership interests, chain of title, licensing history, numerous copyrighted photographs, Food Fair circulars, and conduct allegedly attributable to Starprint. Proceeding now risks unnecessary expense, duplicative effort, and disputes over discovery before the Court determines which claims, if any, survive. See *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433 (S.D.N.Y. 2002); *Press*, 2022 U.S. Dist. LEXIS 226954, at *5. Discovery has not commenced, but there will be significant document discovery and several depositions. *Press*, 2022 U.S. Dist. LEXIS 226954, at *5. "Therefore, at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources." *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

**Plaintiff will not be unfairly prejudiced by a limited stay.**

The requested relief is temporary, applies equally to all parties, and is tied to a readily identifiable event—the Court's resolution of the pending motions to dismiss. See *Press*, 2022 U.S. Dist. LEXIS 226954, at *6. Most of the relevant discovery is possessed by entities who will not lose or destroy it. Because the stay would last only until the Court resolves the pending motions, it would neither unnecessarily delay the action nor materially prejudice Plaintiff. Spencer Trask, 206 F.R.D. at 368.

**Starprint Has Not Delayed in Seeking This Relief**

Starprint has not delayed. Court mediation proceeded on May 21, 2026 and was unsuccessful. ECF Nos. 36–37. Until mediation concluded, the parties appropriately focused on the Court-ordered settlement process. Starprint brings this request before the parties incur discovery expense that may be rendered unnecessary or substantially narrowed by the Court's rulings on the pending motions to dismiss. The timing reflects the practical reality that discovery should follow—not precede—the Court's determination of the operative pleading. The requested relief is intended to avoid discovery concerning claims, allegations, copyrighted works, parties, and alleged conduct that may not remain in the case.

Accordingly, Starprint respectfully requests that the Court enter an Order: (1) adjourning the July 16, 2026 deadline to submit the CMP until fourteen (14) days after the Court rules on Defendants' pending Motions to Dismiss; and (2) staying discovery until fourteen (14) days after the Court rules on Defendants' pending Motions to Dismiss.

This is Starprint's first request for an adjournment of the CMP submission deadline and its first request for a stay of discovery. Because no Civil Case Management Plan and Scheduling Order has yet been entered, Starprint respectfully submits that no proposed Amended Civil Case Management Plan and Scheduling Order is required under Rule 2(e).

**DEFENDANT FOOD FAIR'S POSITION**

Food Fair consents to the requested relief.

**PLAINTIFF'S POSITION**

"'A motion to dismiss does not automatically stay discovery,' and 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" Marsh & McLennan Ag., LLC v. Alliant Ins. Servs., Inc., No. 25-CV-01260 (JAV), 2025 U.S. Dist. LEXIS 108143, at *2 (S.D.N.Y. June 6, 2025) (internal citations omitted)). "'Good cause' is assessed through the application of the following three factors: '(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" Id. (internal citations omitted).

**Unfair Prejudice**

First, Starprint's delay in stay of discovery and adjournment of the July 16, 2026 deadline to submit the CMP is inexcusable and prejudicial. Starprint could have sought a stay and adjournment when the Court issued the Notice of the IPC and ordered that the Parties file a CMP no later than July 16, 2026 (12/2/25), when its original Motion to Dismiss was filed (1/8/26), when the Mediation Conference was initially scheduled (2/10/26), when its second Motion to Dismiss was filed (2/12/26), when Plaintiff requested limited discovery for the purposes of the Mediation Conference (3/16/26), prior to when the Mediation Conference was held (5/21/26)[1], when Plaintiff sent Defendants a draft proposed CMP (6/1/26), when Plaintiff followed up with Defendants regarding the proposed CMP (6/9/26), etc. – yet it chose instead to wait until June 30, 2026 to cause as much delay as possible before seeking a stay and adjournment of the July 16, 2026 deadline. Such dilatory conduct should not be lost on the Court. See, e.g. Pulver v. Kane, No. 3:20-cv-00673-MMD-CSD, 2022 U.S. Dist. LEXIS 249939, at *14-15 (D. Nev. Sep. 2, 2022) ("A&E waited four months after it filed its motion to dismiss to seek a stay of discovery, despite being aware that a pending dispositive motion does not stay discovery in the absence of an order staying discovery."); CFTC v. Bryant, No. 3:21-cv-00487-RJC-DCK, 2022 U.S. Dist. LEXIS 51348, at *4 (W.D.N.C. Mar. 22, 2022) (denying motion to stay where defendant waited "over a month" after filing motion to dismiss to move for a stay of discovery).

[1] In fact, the start of discovery had already been halted to allow for the Mediation Conference to take place in May 2026. Yet, Starprint did not meaningfully participate in the Mediation Conference as only its counsel appeared, not Starprint and not its insurance adjuster, resulting in an unsuccessful mediation and a needless delay of discovery.

**Strength of Defendants' Motions to Dismiss**

As laid out in detail in Plaintiff's Opposition to each of Defendants' motions to dismiss, neither motion has merit.

Starprint's Motion to Dismiss raises a laundry list of reasons for dismissal of what is a straightforward allegation of copyright infringement against Starprint and Food Fair. Plaintiff filed a First Amended Complaint that addressed these points and added substantially more detail regarding Plaintiff's standing, its agency relationship with the copyright owner, the dates of the alleged infringements, etc. The First Amended Complaint goes well beyond the pleading requirements of a claim for copyright infringement.

To the extent Food Fair's Motion to Dismiss has any merit, Plaintiff agreed and consented to dismissal of the negligence claim.

**Discovery**

No discovery has been expounded to date. As such, Starprint's argument that "[d]iscovery is likely to be broad and burdensome" is speculative. "Indeed, discovery has not been exchanged and Defendants' argument that the discovery costs 'may' be broad, costly, and time consuming is unavailing." Marsh & McLennan Ag., No. 25-CV-01260 (JAV), 2025 U.S. Dist. LEXIS 108143, at *3 (internal citation omitted).

Furthermore, even if the Court were to grant Starprint's Motion to Dismiss, Starprint would remain a key witness and still obligated to participate in discovery. Defendants have each conceded that Starprint was responsible for providing the photographs at issue to Food Fair. See Brawer v. Egan-Jones Ratings Co., 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (denying motion to stay even if the party's dismissal motion was meritorious because she would have remained a key witness and still obligated to produce documents); see also Robbins v. Candy Digit. Inc., No. 23-cv-10619 (LJL), 2025 U.S. Dist. LEXIS 14252, at *2 (S.D.N.Y. Jan. 27, 2025) ("As to the burden of discovery, the Court recognized in a previous order in this case that certain of the discovery would be obtainable under Rule 45, if not under Rule 34, even if the Fanatics Defendants were not named in the complaint.") (internal quotation marks omitted).

Given the foregoing, Starprint has failed to establish good cause to stay discovery and/or to adjourn the July 16, 2026 deadline to submit the CMP.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Mark J. Ingber
Mark J. Ingber, Esq.

cc: Daniel DeSouza, Esq.; Anthony M. Verna III, Esq. (via ECF)

Application DENIED. Pursuant to Federal Rule of Civil Procedure 26(c), a district court may stay discovery for "good cause." The filing of a motion to dismiss does not itself warrant an automatic stay of discovery. Instead, "when a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery, including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 15-CV-6267 (GHW), 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (cleaned up).

Applying these factors, the Court finds that a stay of discovery is not necessary in this case. Defendant Starprint has not yet made a strong showing that it is likely to succeed on the Motion to Dismiss. *See, e.g.*, *Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious."). Defendant Starprint also does not provide any concrete reasons why discovery in this case is particularly burdensome, and the discovery required for eighteen alleged photographic copyright violations appears narrow. *See Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *2 (explaining that Defendant bears the burden "to show why discovery would be burdensome"). Finally, Plaintiff identifies ongoing prejudice because of the already-delayed start of discovery while the parties pursued mediation. Accordingly, the Court denies Defendant's request.

Due to a scheduling conflict, the July 23, 2026 initial pretrial conference is HEREBY ADJOURNED *sine die*. The deadline for the parties to submit their joint letter and proposed Case Management Plan and Scheduling Order is thus EXTENDED to July 30, 2026. If any party would like to reschedule the initial pretrial conference, the parties should confer and submit their joint availability for a conference during the first two weeks of September 2026 in their July 30 submission.

The Clerk of Court is directed to terminate ECF No. 40.

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

Dated: July 15, 2026
White Plains, New York