UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROCKEFELLER PHOTOS, LLC,

Plaintiff,

-against-

V.T. MEAT & GROCERY INC. doing business as Food Fair Wholesale Fresh Market, & STARPRINT PUBLICATIONS, INC.,

Defendants.

25-CV-9537 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Rockefeller Photos, LLC ("Rockefeller") filed this action against V.T. Meat & Grocery Inc., doing business as Food Fair Wholesale Fresh Market ("Food Fair"), and Starprint Publications Inc. ("Starprint"), alleging trademark infringement, tortious interference with business relations, and negligence. Plaintiff alleges that Defendants unlawfully used its professional photographs of food in their grocery store advertisements. Present before the Court are Defendants' Motions to Dismiss. For the reasons stated herein, the Court denies dismissal of Plaintiff's copyright infringement claim, but grants dismissal of Plaintiff's tortious interference with business relations and negligence claims as preempted by the Copyright Act.

**BACKGROUND**

The following facts are, unless otherwise noted, taken from the First Amended Complaint, ECF No. 28 ("FAC"), and presumed to be true for the purposes of the instant motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff Rockefeller is a company that "provide[s] photography and videography in the highly-competitive food and beverage industry." *Id.* ¶ 7. Plaintiff represents non-party Prepared Food Photos Inc. ("Prepared Food"), a photography agency that with a staff of professional

photographers has “created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to” a library of photographs. *Id.* ¶ 8. “One or more professional photographers employed by” Prepared Food created multiple photographs of food items (collectively, “the Works”). *Id.* ¶ 9. Prepared Food continues to own the Works. *Id.* ¶ 11. Plaintiff alleges that Defendants infringed the Works. *Id.* Each photograph comprising the Works was registered by Prepared Food with the Register of Copyrights and was assigned a registration number. *Id.* ¶ 10.

On December 12, 2024, Plaintiff and Prepared Food executed an Agency Agreement for the Licensing of Rights Managed Works (the “Agency Agreement”). *Id.* ¶ 12. In this agreement, Prepared Food conveyed to Plaintiff the “unrestricted, exclusive right to distribute, License and/or exploit the Works in the Territory through [Rockefeller].” *Id.* The agreement also conveys to Plaintiff “the exclusive right to pursue infringement claims for violations of exclusive copyright interests granted to [Rockefeller], whether such infringements commenced prior to execution of this Agreement or during the terms of this Agreement.” *Id.* ¶ 13. “Following execution of the Agency Agreement, Plaintiff has served as the exclusive licensor and distributor of the Work[s] and all other photographs” in Prepared Food’s library. *Id.* ¶ 14. In other words, Prepared Food “ceased all licensing of its image library after execution of the Agency Agreement.” *Id.*

Defendant Food Fair owns and operates a full-service supermarket in Spring Valley, New York. *Id.* ¶ 17. Food Fair advertises and markets its business through its website, social media, and “other forms of advertising.” *Id.* ¶ 18.

Defendant Starprint, which is based in Pennsylvania, owns and operates a media company offering printing and publishing services to market its customers' businesses, including the design and printing of weekly circulars for grocery stores. *Id.* ¶ 19.

Defendants maintained a contractual relationship in which Starprint created various flyers and advertisements that Food Fair published to advertise its business. *Id.* ¶ 20. Throughout 2024 and 2025, Defendants displayed and published the Works on Food Fair's website, webpage, social media, and printed media. *Id.* ¶ 21. Plaintiff attaches 18 instances of such alleged copyright infringement. *See* ECF No. 28-1.

| **Number** | **Title of Work** | **Registration Number and Date** | **Date of Alleged Infringement**[1] |
|---|---|---|---|
| **1** | "AppleRoyalGala002_ADL, 03-26-2000" | VA 2-047-017; March 5, 2017 | April 24, 2025 |
| **2** | "RawFowl003_ADL, 10-12-1997" | VA 2-046-915; January 31, 2017 | April 24, 2025 |
| **3** | "RawBeefGround012_ADL, 07-23-1997" | VA 2-084-081; January 15, 2017 | March 6, 2025 |
| **4** | "RawPorkRibSpare009_ADL, 08-16-1997" | VA 2-027-172; January 20, 2017 | March 6, 2025 |
| **5** | "RomaTomatoes001_ADL" | VA 2-055-118; April 27, 2017 | March 6, 2025 |

[1] Plaintiff attached to its Amended Complaint a spreadsheet that identified the title, registration number, and registration date of each allegedly infringed Work, along with a hyperlink to and screenshot of Defendants' allegedly infringing use. ECF No. 28-1. Each alleged infringement appears to consist of a Facebook post featuring a grocery store flyer on Food Fair's Facebook page. *Id.* The screenshots of Defendants' alleged infringing use display the month and day of each post, but not the year. *Id.* However, the hyperlinks to the respective Facebook posts display the full date of each allegedly infringing post, which ranged from April 24, 2025 through August 14, 2025. *Id.*

The Court may consider the spreadsheet attachment and the hyperlinks contained within it, without converting Defendants' motion to dismiss to a motion for summary judgment, because Plaintiff explicitly referenced and relied upon these materials. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (stating that "in deciding the motion to dismiss [plaintiffs'] copyright claims," a district court may consider the complaint, "any written instrument attached to it," "any statements or documents incorporated in it by reference," a document "where the complaint relies heavily upon its terms and effect," and a document that is "integral to the complaint") (internal citations and quotation marks omitted).

| | | | |
|---|---|---|---|
| **6** | "AppleFuji003_ADL, 03-26-2006" | VA 2-047-009; March 3, 2017 | April 10, 2025 |
| **7** | "PorkStewMeat001_ADL" | VA 2-055-108; May 3, 2017 | April 10, 2025 |
| **8** | "SalmonSteaksRaw001_ADL" | VA 2-045-003; April 19, 2017 | April 10, 2025 |
| **9** | "BeefFeet001_ADL" | VA 2-045-012; April 7, 2017 | May 8, 2025 |
| **10** | "MelonCantaloupe003_ADL" | VA 2-045-006; April 17, 2017 | May 15, 2025 |
| **11** | "PigsFeetRaw0405, 07-05-1994" | VA 2-023-233; November 8, 2016 | June 19, 2025 |
| **12** | "AppleGrannySmith005_ADL, 03-26-2006" | VA 2-047-009; March 3, 2017 | June 19, 2025 |
| **13** | "RawPorkStewMeat001_ADL, 11-25-1997" | VA 2-027-172; January 20, 2017 | June 19, 2025 |
| **14** | "SalmonFilletHC0912, 04-15-1994" | VA 2-020-735; October 23, 2016 | June 19, 2025 |
| **15** | "RawPorkChopCCBnln001_ADL, 04-05-1997" | VA 2-027-172; January 20, 2017 | June 26, 2025 |
| **16** | "CherryBing001_ADL, 05-23-2000" | VA 2-047-017; March 5, 2017 | July 31, 2025 |
| **17** | "BeefChuckSteakBnln001, 08-20-1994" | VA 2-022-602; November 18, 2016 | August 14, 2025 |
| **18** | "PearBosc005_ADL" | VA 2-045-013; April 17, 2017 | August 14, 2025 |

ECF No. 28-1.

Defendants were not licensed to use or display the Works, and they never communicated with Plaintiff or Prepared Food regarding the use of the Works. *Id.* ¶ 23. Plaintiff asserts that Defendants located copies of the Works on the internet. *Id.* ¶ 25.

"Plaintiff and/or [Prepared Food] first discovered Defendants' unauthorized use/display of one or more of the photographs comprising the Work[s] in March 2025." *Id.* ¶ 26. Subsequently, "Plaintiff and/or [Prepared Food] notified" Food Fair in writing of its allegedly unauthorized use. *Id.* ¶ 26.

On November 14, 2025, Plaintiff filed its Complaint, bringing claims of copyright infringement, tortious interference with business relations, and negligence against Defendants. ECF No. 1. On January 8, 2026, Starprint moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure. ECF No. 21. The next day, Defendant Food Fair also moved to dismiss the Complaint. ECF No. 23 ("Food Fair MTD").

On January 23, 2026, Plaintiff filed its First Amended Complaint. FAC. In the FAC, Plaintiff continues to bring its claims of copyright infringement, tortious interference with business relations, and negligence against Defendants. *Id.* ¶¶ 28–52. On February 12, 2026, Starprint filed a letter establishing that it relies on its previously filed motion to dismiss following Plaintiff's amended pleading. ECF No. 29. On February 16, 2026, Plaintiff opposed Starprint's renewed motion to dismiss. ECF No. 30. On February 24, 2026, Food Fair also notified the Court that it relies on its previously filed motion to dismiss. ECF No. 32.

On February 27, 2026, Starprint filed its reply to Plaintiff's opposition to its motion to dismiss. ECF No. 33. On March 10, 2026, Plaintiff opposed in part Food Fair's renewed motion to dismiss. ECF No. 34. However, as to Food Fair's motion to dismiss Plaintiff's negligence claim as preempted by the Copyright Act, Plaintiff "concede[d] this point and agree[d] to dismissal of its negligence claim." *Id.* at 12. *See also id.* at 1 ("[Food Fair's] Motion argues that Plaintiff's negligence claim is preempted by the Copyright Act. On this point, Plaintiff agrees and consents to dismissal of the negligence claim."). Food Fair did not file a reply, despite the Court's sua sponte extension of its reply deadline. ECF No. 35. Therefore, the Court considers Defendants' motions to dismiss as fully briefed and ripe for adjudication.

On August 11, 2026, Rockefeller filed a notice of supplemental authority. ECF No. 45. Plaintiff filed an August 10, 2026 Northern District of New York order and opinion that denied a

motion to dismiss another copyright infringement suit by Plaintiff. *Id.* (attaching *Rockefeller Photos, LLC v. Fresco Fish, Inc.*, No. 25-CV-930 (ECC), 2026 WL 2294704 (N.D.N.Y. Aug. 10, 2026)). On the same day, August 11, 2026, Starprint filed a letter in response to the supplemental authority. ECF No. 46. Starprint argued that *Fresco Fish* was distinguishable from the case at hand because it involved only one allegedly infringed photograph, rather than eighteen, and did not address certain legal arguments raised here, including joinder and a timing defect. *Id.*

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). If a complaint does not state a plausible claim for relief, it must be dismissed. *Id.* at 679.

## DISCUSSION

Defendants separately move to dismiss on various grounds. First, Starprint argues that Plaintiff lacks standing to bring its claims. ECF No. 22 ("Starprint MTD") at 6–10. Second,

Starprint argues that Plaintiff has failed to join necessary parties. *Id.* at 10–12. Finally, Starprint argues that Plaintiff has failed to state its claims. *Id.* at 13–16. Food Fair also moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Food Fair MTD.

The Court first determines that Plaintiff has sufficiently alleged that it has standing to bring its claims. The Court then concludes that Plaintiff has not failed to join necessary parties. Finally, the Court denies dismissal of Plaintiff's copyright infringement claim for failure to state a claim. However, the Court does grant dismissal of Plaintiff's second and third claims for tortious interference with business relations and negligence because these state law tort claims are preempted by the Copyright Act.

## I. Plaintiff Has Established Standing At This Juncture

Starprint argues that Plaintiff lacks standing to bring this action because "it is not the legal or beneficial owner of any exclusive right under the Copyright Act." Starprint MTD at 6. However, Starprint acknowledges that the Copyright Act allows written transfer of ownership and that Plaintiff has alleged that it acquired exclusive rights from Prepared Food. *Id.* at 7.

"The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501. Among other things, "the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106. Therefore, "the Copyright Act authorizes only two types of claimants to sue for copyright infringement: (i) owners of copyrights, and (ii) persons who have been granted exclusive licenses by owners of

copyrights." *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 276 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018) (cleaned up).

"[O]wnership of a copyright may either be transferred by operation of law (*e.g.*, dissolution of the corporate entity) or by 'an instrument of conveyance, or a note or memorandum of the transfer . . . in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.'" *Wallert v. Atlan*, 141 F. Supp. 3d 258, 277 (S.D.N.Y. 2015) (quoting 17 U.S.C. § 204(a)). "[A]n assignee may assert a claim for copyright infringement that occurred after the transfer as long as he plausibly alleges that he received the copyright through a valid transfer and was the copyright owner during the alleged infringement." *Hutson v. Notorious B.I.G., LLC*, No. 14-CV-2307 (RJS), 2015 WL 9450623, at *3 (S.D.N.Y. Dec. 22, 2015). "[A] mere allegation of ownership may suffice" even though "later in the litigation the plaintiff bears the burden of proving copyright ownership." *Hartmann v. Popcornflix.com LLC*, 690 F. Supp. 3d 309, 317 (S.D.N.Y. 2023) (quoting *Hartmann v. Amazon.com, Inc.*, No. 20-CV-4928 (PAE), 2021 WL 3683510, at *4 (S.D.N.Y. Aug. 19, 2021)).

Furthermore, "[o]wners may grant a license to others to exercise Section 106 rights or assign those rights to others." *John Wiley & Sons, Inc.*, 998 F. Supp. 2d at 277. However, only exclusive licenses convey ownership interest, and "the holder of a nonexclusive license may not sue others for infringement." *Id.* (quoting *Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007)).

Here, Plaintiff has sufficiently alleged that it has standing to bring its copyright infringement and tort claims as the exclusive holder of the right to, *inter alia*, pursue infringement actions. Plaintiff alleges that on December 12, 2024, Plaintiff and Prepared Food executed the Agency Agreement. FAC ¶ 12. In this agreement, Prepared Food conveyed to Plaintiff the "unrestricted, exclusive right to distribute, License and/or exploit the Works in the

Territory through [Rockefeller].” *Id.* The agreement also conveys to Plaintiff “the exclusive right to pursue infringement claims for violations of exclusive copyright interests granted to [Rockefeller], whether such infringements commenced prior to execution of this Agreement or during the terms of this Agreement.” *Id.* ¶ 13. The Northern District of New York has already determined that these same allegations of the Agency Agreement are sufficient to establish Plaintiff’s copyright ownership at the motion to dismiss stage. *See Rockefeller Photos, LLC v. Fresco Fish, Inc.*, No. 25-CV-930 (ECC), 2026 WL 2294704, at *2 (N.D.N.Y. Aug. 10, 2026) (denying dismissal of Rockefeller’s copyright infringement action arising from its Agency Agreement with Prepared Food).

Courts have established that copyright owners cannot simply “choose third parties to bring suits on their behalf” and convey by itself “only the bare right to sue.” *John Wiley & Sons, Inc.*, 998 F. Supp. 2d at 280 (collecting cases). Nevertheless, at this stage of the proceedings, Plaintiff has sufficiently alleged that Prepared Food conveyed *more* than the bare right to litigate its copyright claims, but rather, the other exclusive and unrestricted rights, including use of the Works, the right to sub-license, the right to copy the Works, and the right to reproduce, exhibit, disseminate, modify, adapt, or publish the Works. FAC ¶ 12.

Furthermore, Starprint argues that Plaintiff is a nonexclusive holder of rights based on Prepared Food’s continued display of the Works on its website. Starprint MTD at 7, 9. However, the Court does not credit Starprint’s factual argument at this motion to dismiss stage. *See IHS Dialysis Inc. v. Davita, Inc.*, No. 12-CV-2468 (ER), 2013 WL 1309737, at *3 n.2 (S.D.N.Y. Mar. 31, 2013) (“exclud[ing] all extrinsic materials submitted by the parties, and disregard[ing] arguments based on materials outside the pleadings [because] such arguments are clearly improper in the context of a Rule 12(b)(6) motion to dismiss”); *Lavandeira v. Infuse, LLC*, No.

08-CV-11213 (JSR) (DF), 2009 WL 10697463, at *5 (S.D.N.Y. Nov. 24, 2009) ("Where, as here, statutory standing is closely bound to the merits, courts have analyzed statutory standing pursuant to Rule 12(b)(6).").

Starprint also contends that Plaintiff lacks standing because it alleges infringement that occurred during 2024–2025 without identifying whether that infringement occurred before the execution of the Agency Agreement. ECF No. 46 at 2. It is true that "an assignee may assert a claim for copyright infringement that occurred prior to the transfer ***only if*** the accrued causes of action are expressly included in the assignment." *Hutson*, 2015 WL 9450623, at *3. However, here, it appears that all of the alleged infringements occurred after the Agency Agreement was executed. ECF No. 28-1; *supra* n.1; FAC ¶ 12. As such, Starprint's argument, at this juncture, is without merit.

In conclusion, the Court determines at this time that Plaintiff has sufficiently alleged standing to bring its claims, and the Court denies Starpoint's motion in this regard.

## II. Prepared Food Is Not a Required Party

Starprint also argues that Plaintiff has failed to join an indispensable party—specifically, Prepared Food, formerly known as Adlife Marketing & Communications Co., Inc.,[2] the undisputed owner of the Works—as required by Federal Rules of Civil Procedure 12(b)(7) and 19. Starprint MTD at 10–12. Federal Rule of Civil Procedure 12(b)(7) allows a party to assert as a defense to a claim for relief "failure to join a party under Rule 19." Federal Rule of Civil Procedure 19(a)(1) requires the joinder of persons who

---

2 Starpoint argues that "Prepared Food Photos, Inc. and/or AdLife Marketing & Communications Co. are indispensable parties." Starpoint MTD at 10. Because Plaintiff alleges that Prepared Food was formerly known as Adlife Marketing & Communications Co., Inc., the Court refers to Prepared Food only in this joinder analysis. FAC ¶ 8.

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under 17 U.S.C. § 501(b), "[t]he court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright." "Thus, as under the Federal Rules, the court in a copyright infringement action has discretion as to whether to require joinder of a person having or claiming an interest in the copyright." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03-CV-1382 (RWS), 2003 WL 23018833, at *3 (S.D.N.Y. Dec. 23, 2003). "Absent special circumstances joinder should be required in cases challenging the validity of the copyright upon which rest the rights of the person to be joined and should not be required if the only issue is whether the defendant engaged in unlawful copying." *Id.* (citation omitted).

Precedent makes clear that an owner of a copyright need not be joined in a copyright infringement action like the one at hand, in which the validity of the copyright is not at issue. *See Monbo v. Nathan*, 623 F. Supp. 3d 56, 131 (E.D.N.Y. 2022) (determining that a joint owner of a copyright was not required to join a copyright infringement action) (collecting cases). Furthermore, here it is evident that Prepared Food's absence cannot leave Defendants "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations," Fed. R. Civ. Proc. 19(a)(1)(ii), because Prepared Food has conveyed to Plaintiff "the exclusive right to pursue infringement claims for violations of exclusive copyright interests granted to [Rockefeller], whether such infringements commenced prior to execution of [the Agency Agreement] or during the term of this Agreement." FAC ¶ 13. For this same reason, Prepared

Food's rights and interests are not implicated by this litigation, because it has conveyed any right to pursue this claim to Plaintiff.

Accordingly, the Court denies Starpoint's motion to dismiss on the basis of failure to join a necessary party.

## III. Defendants' Motions to Dismiss for Failure to State a Claim Are Denied as to Plaintiff's First Claim and Granted as to Plaintiff's Second and Third Claims

Finally, Defendants move to dismiss for failure to state a claim. Starprint MTD at 15–17; Food Fair MTD. The Court denies dismissal of Plaintiff's copyright infringement claim, but dismisses Plaintiff's tortious interference with business relations and negligence claims as preempted by the Copyright Act.

### a. Defendants' Motions to Dismiss Plaintiff's Copyright Infringement Claim Are Denied

"To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Hartmann v. Popcornflix.com LLC*, 690 F. Supp. 3d 309, 316 (S.D.N.Y. 2023) (internal citation and quotation marks omitted).

Here, Plaintiff has sufficiently alleged the first element, by identifying which Works are the subject of its copyright claim. Starprint argues that Plaintiff has not sufficiently specified which Works are subject to Plaintiff's copyright claims. Starprint MTD at 13–14. This argument fails, because Plaintiff has attached to its FAC a chart with the details of each of the 18 alleged instances of copyright infringement. *See* ECF No. 28-1. This chart includes each Work, its title, its registration number and date, and a screenshot and link to the alleged infringement. *Id.* These

allegations are clearly sufficient to identify each instance of infringement and which Work is the subject of the claim.

Second, as previously discussed, Plaintiff has properly alleged that it owns, by a written conveyance agreement, the copyrights of the Works. *See supra* Section I.

Third, the copyrights have been registered. Plaintiff alleged that "[e]ach photograph comprising the Work was registered" by Prepared Food. FAC ¶ 10. Additionally, Plaintiff attached to its Amended Complaint the registration number and date for each image at issue, *see* ECF No. 28-1, as well as the certificates of registration. ECF No. 28-2.

Starprint argues that this element is not satisfied because Prepared Food, rather than Plaintiff, registered the copyrights at issue. Starprint MTD at 12. However, it is not required that Plaintiff be the one to register the Works. As discussed regarding the first element, Plaintiff has sufficiently alleged that it is a copyright assignee, and "a copyright assignee, not just an initial registrant, may assert a claim." *Hartmann v. Google LLC*, No. 20-CV-5778 (JPC), 2022 WL 684137, at *4 (S.D.N.Y. Mar. 8, 2022) (denying dismissal of a direct copyright infringement claim when "the copyright certificates [the plaintiff] has proffered do not mention Plaintiff's name"). Therefore, the third element is satisfied.

Fourth, Plaintiff has identified each instance of alleged infringement. *See* ECF No. 28-1. Plaintiff has alleged that Defendant Food Fair, on multiple occasions, used the Works, without Plaintiff's permission, to advertise its grocery store on its website and social media. FAC ¶¶ 21, 23, 26. Plaintiff has also alleged that Starprint also infringed upon the Works by creating the flyers and advertisements used to market Food Fair's business. *Id.* ¶ 20. Plaintiff has included screenshots of each allegedly infringing advertisement, along with its dated Facebook posting. ECF No. 28-1. These allegations are more than sufficient to satisfy the infringement element.

Therefore, Plaintiff has sufficiently stated its copyright infringement claim. Defendants' motions to dismiss Plaintiff's copyright infringement claims are denied.

**b. Defendants' Motions to Dismiss Plaintiff's Tortious Interference with Business Relations Claim and Negligence Claims Are Granted**

The Copyright Act preempts both of Plaintiff's state law tort claims. Indeed, Plaintiff has already conceded that its negligence claim is preempted by the Copyright Act and has agreed to dismissal of this claim. *See* ECF No. 34 at 1, 12. And, Plaintiff failed to oppose dismissal of its tortious interference claim as preempted. *See* Starprint MTD at 5; Food Fair MTD at 15–16. The Court agrees with Defendants that it is and that this claim likewise must be dismissed.

"The Copyright Act preempts a state law claim when the following circumstances are present: '(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106.'" *Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305, 357 (N.D.N.Y. 2016) (quoting *Miller v. Holtzbrinck Publishers, L.L.C.*, 377 Fed. App'x. 72, 73–74 (2d Cir. 2010)).

"State law claims may proceed only if those claims contain 'extra elements that make it qualitatively different from a copyright infringement claim.'" *Miller v. Holtzbrinck Publishers, L.L.C.*, 377 F. App'x 72, 73 (2d Cir. 2010) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). "More specifically, if unauthorized publication is the gravamen of plaintiff's claim, then it is clear that the right she seeks to protect is coextensive with an exclusive right already safeguarded by the Copyright Act and thus that state law claim is preempted." *Id.* at 73–74 (cleaned up) (quoting *Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 359 (1985)

(holding that plaintiff's claims of tortious interference and conversion were preempted by the Copyright Act)).

"In the Second Circuit, it is well settled that claims for tortious interference based on the unauthorized publication of a work protected by the Copyright Act are preempted." *Am. Movie Classics Co. v. Turner Ent. Co.*, 922 F. Supp. 926, 932 (S.D.N.Y. 1996). For example, in *Miller*, the Second Circuit determined that the Copyright Act preempted tortious interference and conversion claims when the plaintiff's "case rest[ed] on her theory that the third-party defendants tortiously interfered with her business relations and converted her literary work by publishing the book without authorization by her or credit to her." 377 F. App'x at 74 (cleaned up). *See also Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305, 358 (N.D.N.Y. 2016) (dismissing tortious interference claims as preempted by the Copyright Act) (collecting cases).

Here, similarly, the Copyright Act preempts Plaintiff's tortious interference claim. Like Plaintiff's surviving copyright infringement claim, the Works Plaintiff aims to protect with its tortious interference claim "falls within the type of works protected by the Copyright Act." *Ranieri*, 164 F. Supp. 3d at 357. Furthermore, Plaintiff's tortious interference "claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Id.* Plaintiff's state law tort claims are premised on the very same facts as those alleged for its copyright infringement claims—that is, the use of Plaintiff's copyrighted Works without proper permission. FAC ¶¶ 42–52. And with its tortious interference claim, Plaintiff complains of little else than Defendants "continually and repeatedly creating weekly advertisements using the subject image library without making any payment to Plaintiff." *Id.* ¶ 46. In other words, Plaintiff is attempting to use a tort claim to protect its copyrighted Works from re-publication by Defendants. Therefore, Plaintiff's "state law claim .

. . 'involve[s] acts of reproduction, adaptation, performance, distribution or display' and [does] not include any 'extra elements that make it qualitatively different from a copyright infringement claim.'" *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 608 (S.D.N.Y. 2007) (quoting *Briarpatch*, 373 F.3d at 306). Accordingly, the Copyright Act preempts Plaintiff's tortious interference claim, and the Court dismisses Plaintiff's state law claims.

**CONCLUSION**

The Court DENIES IN PART and GRANTS IN PART Defendants' Motions to Dismiss. The Court DENIES Defendants' Motions to Dismiss Plaintiff's copyright infringement claim. However, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's tortious interference with business relations and negligence claims.

The Clerk of Court is directed to terminate ECF Nos. 21, 23, 29, and 32.

Dated: September 24, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge